**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

JOSEPH R. BIDEN, JR.,

*Plaintiff,*

v.

Civil Action No. 26-1818

U.S. DEPARTMENT OF JUSTICE,

*Defendant.*

**BRIEF OF PLAINTIFF JOSEPH R. BIDEN, JR., RE: MAY 27, 2026, MINUTE ORDER**

Plaintiff Joseph R. Biden, Jr., through counsel, respectfully submits this brief in response to the Court's minute order of May 27, 2026.  The minute order directs the parties to file "briefs of no more than five pages that address, with supporting caselaw, whether this case is properly related to 24-cv-645 under Local Rule 40.5(a)(3)."

As required by Local Rule 40.5(b)(2), President Biden filed a related case notice in this action because it relates to common property, involves common issues of fact, and grows out of the same event or transaction as *Heritage Foundation v. U.S. Department of Justice*, No. 24 Civ. 645 ("*Heritage v. DOJ*" or the "FOIA Action").  President Biden takes no position as to whether the Court should treat the cases as "related" for purposes of Local Rule 40.5.

**RELEVANT BACKGROUND**

In a joint status report filed in the FOIA Action on May 8, 2026, the Department of Justice (the "Department") made the following representations regarding the proposed disclosures:

> Defendant intends to disclose the written transcript and audio recordings at issue in this matter, with redactions, to Congress, pursuant to a request from the Chair of the House Judiciary Committee, as well as to Plaintiffs.  President Biden, through counsel, has advised the Department that he intends to seek to intervene to prevent any such disclosures.  The Department does not oppose intervention.  If President

Biden does not seek to intervene on or before May 12, the Department will disclose the material shortly thereafter.  Otherwise, the Department will disclose the material on June 15.

*Heritage v. DOJ*, ECF No. 50 at 1.

President Biden moved to intervene in the FOIA Action on May 12, 2026, seeking to enjoin the Department from producing the transcripts and audio recordings to plaintiffs in the FOIA Action (the "Heritage Plaintiffs") or to the House Judiciary Committee.  *Heritage v. DOJ*, ECF No. 51.  The Court granted the intervention motion "as to the Department's production of the Zwonitzer materials to the [Heritage Plaintiffs]."  *Heritage v. DOJ*, ECF No. 63 at 5.  The Court denied intervention as to President Biden's "cross-claims regarding the Department's production of such materials to the House Judiciary Committee."  *Id.* at 12.  Accordingly, President Biden asserted these claims in a new action and filed a related case notice.  *See* ECF Nos. 1, 3.

## LEGAL ANALYSIS

When President Biden initiated this action, he filed a related case notice to comply with his obligations under Local Rule 40.5(b)(2).  President Biden takes no position, however, as to whether this Court should treat the cases as related for purposes of Rule 40.5.

Local Rule 40.5(a)(3) provides, in relevant part, that civil cases "are deemed related when the earliest is still pending on the merits in the District Court and they (i) relate to common property, or (ii) involve common issues of fact, or (iii) grow out of the same event or transaction or (iv) involve the validity or infringement of the same patent."  Upon the filing of a new action, a plaintiff is required to inform the Clerk of the existence of any related case.  *See* L.R. 40.5(b)(2). The new case is automatically assigned to "the judge to whom the oldest related case is assigned." L.R. 40.5(c)(1).  The judge then decides whether the cases are "related," *id.*, looking to the

particular facts and circumstances at hand, *see, e.g.*, *Am. Hist. Ass'n v. Trump*, No. 26 Civ. 1169, 2026 WL 1024772, at *3-5 (D.D.C. Apr. 15, 2026).

Local Rule 40.5(b)(2) requires a plaintiff to notify the Clerk of potentially relevant relationships between cases, but the effect of that notice—including the appropriate judicial assignment—is a matter for the court, as set forth in Local Rule 40.5(c).  In the related case notice filed here, ECF No. 3, President Biden identified the two actions as relating to common property, involving common issues of fact, and growing out of the same event or transaction.  These designations are consistent with the Department's treatment of the proposed disclosures to the Heritage Plaintiffs and House Judiciary Committee—which involve the same transcripts and audio recordings—as related and intertwined.  *See Heritage v. DOJ*, ECF No. 50 at 1 (representing that the Department "intends to disclose the written transcript and audio recordings at issue in this matter, with redactions, to Congress, pursuant to a request from the Chair of the House Judiciary Committee, as well as to [the Heritage] Plaintiffs.").  The related case notice is also consistent with the factual overlap between the allegations in the two actions.  *Compare, e.g.*, ECF No. 1 ¶¶ 1-11, 16-87, 89, 96, *with* Cross-Claims, *Heritage v. DOJ*, ECF No. 51-3 ¶¶ 7-76, 99, 105.

Courts in this district have considered two sets of interests—which are sometimes in tension—served by the case-assignment procedure set forth in Local Rule 40.5(c).  First, courts consider whether it would serve judicial economy to assign related cases to the same judge.  *See Am. Hist. Ass'n*, 2026 WL 1024772, at *2.  Second, courts consider whether a related-case assignment could undermine the general rule that "all new cases filed in this courthouse are randomly assigned in order to ensure greater public confidence in the integrity of the judicial process, guarantee fair and equal distribution of cases to all judges, avoid public perception or appearance of favoritism in assignments, and reduce opportunities for judge-shopping."  *Dakota*

*Rural Action v. U.S. Dep't of Agric.*, No. 18 Civ. 2852, 2019 WL 1440134, at *1 (D.D.C. Apr. 1, 2019) (citation modified) (quoting *Singh v. McConville*, 187 F. Supp. 3d 152, 154-55 (D.D.C. 2016)).  Based on the specific facts at hand, courts may find in favor of or against relatedness. *See, e.g.*, *Am. Hist. Ass'n*, 2026 WL 1024772, at *3-5 (concluding that neither "common issues of fact" nor "common property" sufficed to "provide[] a basis for relation").

While the mandatory language of Local Rule 40.5(b)(2) required President Biden to bring the relationship between the two cases to the attention of the Clerk, President Biden takes no position as to whether the purposes of Local Rule 40.5 are better served by treating the cases as related or non-related under Local Rule 40.5(a)(3).

## CONCLUSION

For the foregoing reasons, President Biden takes no position as to whether the Court should treat this action and the FOIA Action as "related" under Local Rule 40.5(a)(3).

Dated: May 28, 2026

Respectfully submitted,

*/s/ Amy Jeffress*
Amy Jeffress (D.C. Bar No. 449258)
Kaitlin Konkel (D.C. Bar No. 1021109)
Taisa M. Goodnature (D.C. Bar No. 90044537)*
Jared M. Hirschfield (N.Y. Bar No. 6296933)*
HECKER FINK LLP
1050 K Street, NW, 10th Floor
Washington, D.C. 20001
Tel: (212) 763-0883
ajeffress@heckerfink.com
kkonkel@heckerfink.com
tgoodnature@heckerfink.com
jhirschfield@heckerfink.com

*Counsel for Plaintiff Joseph R. Biden, Jr.*

*Application for *pro hac vice* admission forthcoming

4