**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JOSEPH R. BIDEN, JR., <br><br>                Plaintiff, <br><br>   v. <br><br> U.S. DEPARTMENT OF JUSTICE, <br><br>                Defendant. | Case No. 1:26-cv-1818 |

**DEFENDANT'S MEMORANDUM OF LAW ON THE ISSUE OF RELATEDNESS**

**BACKGROUND**

On May 26, 2026, former President Biden filed a complaint to enjoin production to Congress of certain records underlying Special Counsel Hur's investigation into the former President's handling of classified information. Former President Biden noticed the new complaint as related to a FOIA action, 24-cv-645, already pending before the Court. The Court subsequently issued an order indicating that, "while both cases concern the Department's release of the Zwonitzer materials, . . . this Complaint relates to the release of those materials to Congress, which raises different legal claims under the APA and different legal issues, including the scope of Article I powers." Minute Order, May 27, 2026. Accordingly, the Court ordered briefs of no more than five pages that address, with supporting caselaw, whether this case is properly related to 24-cv-645 under Local Rule 40.5(a)(3). *Id.* For the reasons that follow, the new complaint meets the relatedness standard.

1

## **ARGUMENT**

### **The New Complaint Should be Treated As Related to the FOIA Case.**

In this District, "[t]he general rule governing all new cases filed . . . is that they are to be randomly assigned." *Tripp v. Exec. Off. of the President*, 196 F.R.D. 201, 202 (D.D.C. 2000); *see* LCvR 40.3(a). "In the interest of judicial economy, however, Local Civil Rule 40.5 creates an exception for related cases." *Comm. on the Judiciary v. McGahn*, 391 F. Supp. 3d 116, 118 (D.D.C. 2019) (internal quotation marks omitted).

If the plaintiff identifies related cases at the time of filing, then the Clerk must "assign the new case to the judge to whom the oldest related case is assigned." LCvR 40.5(c)(1). Under LCvR 40.5(a), civil cases are considered related if "the earliest [case] is still pending on the merits in the District Court" and the matters involve, *inter alia*, "common issues of fact." LCvR 40.5(a)(3).  Civil cases are "related when the earliest [case] is still pending on the merits in the District Court and they . . . relate to common property . . ." LCvR 40.5(a)(3).  "The 'common property' prong of Local Civil Rule 40.5(a)(3) seeks to prevent *conflicting* obligations with regard to specific property." *Am. Hist. Ass'n v. Trump*, Civil Action No. 26-1169 (BAH), 2026 U.S. Dist. LEXIS 85499, at *18 (D.D.C. Apr. 15, 2026) (emphasis in original).

This Court is correct that the two separate actions raise "different legal issues, including the scope of Article I powers."  Minute Order, May 27, 2026.  Plaintiff appears, however, to be suggesting relatedness on purely factual grounds (*i.e.*, Dkt. 3(a) – "relates to common property").

The subject matter of both cases involves the Zwonitzer materials, which are redacted transcripts and recordings of former President Biden's conversations with his

writing assistant, Mr. Mark Zwonitzer, in 2016 and 2017.  While the request of plaintiffs in the FOIA case for Zwonitzer materials (24-cv-645) and the Congressional request for Zwonitzer materials that is the subject of the above case (26-cv-1818) are slightly different, the Department is treating the requests as involving one set of materials. The Zwonitzer materials are in the custody of the Department – the defendant in both cases. The Zwonitzer materials may be the subject of *in camera* review in both cases, thus raising the risk of conflicting obligations with respect to the materials.  There is one redacted set of Zwonitzer materials in the custody of the Department at issue in both cases, which satisfies the "common property" designation by Plaintiff.  It is in the interest of judicial economy that the Zwonitzer materials are handled by one court.

Former President Biden also noticed the new action as related to the pending FOIA action on the basis of "common issues of fact." Dkt. 3(b). *See Dakota Rural Action v. United States Dep't of Agric.*, Civil Action No. 18-2852 (BAH), 2019 U.S. Dist. LEXIS 55419, at *5-6 (D.D.C. Apr. 1, 2019) ("Cases are related under the Rule 40.5(a)(3)(ii) if they share 'common issues of fact,' but the rule offers no guidance as to how much factual overlap is needed or how similar the underlying facts must be.").  The House Judiciary Committee's request for the Zwonitzer materials (which is the subject of this case) is evidence of a heightened public interest in the disclosure of the Zwonitzer materials, which is a factor that is likely to be litigated in the FOIA action (24-cv-645).

## **CONCLUSION**

For the reasons set forth above, the Court should treat the new complaint as related to the FOIA case pending before this Court.

Dated: May 28, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ELIZABETH J. SHAPIRO
Deputy Branch Director
Federal Programs Branch

*/s/ John J. Halloran, Jr.*
JOHN J. HALLORAN, JR.
Trial Attorney
D.C. Bar No. 454128
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005
Tel: (202) 598-3398
Fax: (202) 616-8460
Email: John.J.Halloran.Jr@usdoj.gov

## <u>CERTIFICATE OF SERVICE</u>

On May 28, 2026, I electronically submitted the foregoing document with the Clerk of Court for the U.S. District Court for the District of Columbia, using the electronic case filing system of the Court.

> */s/ John J. Halloran, Jr.*
> JOHN J. HALLORAN, JR.
> Trial Attorney
> United States Department of Justice